AMERICAN GRASS TWINE CO. v. CHOATE et al.

(Circuit Court of Appeals, Seventh Circuit. November 15, 1907

No. 1,332.

1. PATENTS—INVENTION—GRASS TWINE.

The Lowry patent, No. 412,963, for a grass twine for use in harvesters to bind grain, consisting of a twine made of grass, hay, or straw twisted together and wrapped with a thread made of cotton or other suitable material, in view of the prior art, which disclosed both grass rope and the use of a wrapping of thread for twine made of coarse and brittle fibers, is void for lack of patentable invention.

2. SAME—GRASS FABRICS.

The Koeck patent, No. 646,123, for a fabric consisting of a main body portion formed of parallel layers or strands of twisted grass, each wrapped with a thread and having transverse binding threads passing alternately over and under such grass strands to bind them together, is merely for the result of the application of the old method of weaving rag carpets to a different material, and is void for lack of invention.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

Appellant failed in its suit for alleged infringement of patent No. 412,963, issued on October 15, 1889, to Lowry for a twine for binding grain, and of patent No. 646,123, issued March 27, 1900, to Koeck for a woven fabric.

Lowry's patent describes and claims the twine as follows:

"My object is to utilize common farm products—such as grass, hay and straw—for binding grain; and my invention consists in the construction of a twine, as hereinafter described, that is adapted to be wound upon a ball or spool and used in a grain binder on a harvester for automatically binding sheaves as the machine is advanced in a field to cut and bind grain in a common way."

"In the manufacture of my twine I place stems and blades of grass, hay or straw into parallel position with each other and twist them together, and then wrap a thread of cotton or other suitable material around the outside to prevent any ends from projecting, and to produce and maintain a uniform thickness and smooth surface, as required to adapt the twine to slip through the eye of a needle in a binder."

"I claim as my invention—

"As an improved article of manufacture, a twine made of grass, hay, or straw, twisted together and wrapped with a thread made of cotton or other suitable material, substantially as shown and described, for the purposes stated."

The Koeck fabric is composed of ordinary twine as warp and the Lowry twine as woof. The claims relied on are these:

"2. As a new article of manufacture, a fabric the body of which is composed of stalks of grass twisted together and spirally wrapped to form a continuous strand, said strand bent or doubled back and forth upon itself and having interspersed throughout transverse binding stays or strands interwoven therewith, such binding strands or stays being duplicated along the edges of the fabric, as and for the purpose set forth."

"4. As a new article of manufacture, a fabric consisting of a main body portion formed of parallel layers or strands of twisted grass, each strand being encircled spirally by a thread in combination with transverse binding threads traversing the entire body but alternately under and over adjacent parallel grass strands, as and for the purpose set forth."

Frank T. Brown, for appellant.

Robert H. Parkinson (C. T. Benedict, on the brief), for appellees.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). Long before Lowry's time, as the record shows, various sorts of vegetable fibers and stalks had been twisted into twine. It was old, also, "to wrap a thread of cotton or other suitable material around the outside" of twine made from coarse and brittle fibers. The new thing that Lowry did was to make twine by wrapping thread around twisted grass, hay, or straw. But the fact that a thing is new does not prove that invention was present any more than it establishes the other element of patentability—usefulness. In our judgment, no invention was involved in applying to the known grass, hay, or straw rope the wrapping of thread that had been applied to other coarse and brittle fibers. This patent comes fully, we believe, within the line of cases illustrated by Morris v. McMillin, 112 U. S. 244, 5 Sup. Ct. 218, 28 L. Ed. 702, and Underwood v. Gerber, 149 U. S. 224, 13 Sup. Ct. 854, 37 L. Ed. 710. Against this view appellant lays stress on the asserted fact that a great industry has been built upon the patent. The industry of manufacturing mats and the like out of wild marsh grass or sedge is due, we think, rather to the commercial ability and financial resources at the command of appellant than to Lowry's conception of making binder twine

from common farm products. But, if appellant's assertion were to be taken as true, it would only be influential in resolving a doubt. It would not also serve to inject a doubt into an otherwise clear case.

Koeck was a weaver of rag carpets on a hand loom. The woven fabric of his patent is the result of applying to the Lowry twine as woof the warp and the methods of weaving which he had been applying to strips of rags as woof. He exercised, we find, only the ordinary skill of his trade.

The decree is affirmed.